UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

**Case Number:  06-22628-CIV-MORENO**

CONTINENTAL CASUALTY COMPANY, AN
ILLINOIS CORPORATION,

      Plaintiff,

vs.

OLD REPUBLIC INSURANCE COMPANY, A
PENNSYLVANIA COPORATION,

      Defendant.

_____/

**<u>ORDER GRANTING OLD REPUBLIC'S MOTION FOR SUMMARY JUDGMENT</u>**

      Plaintiff Continental Casualty Company ("Continental") filed a Complaint for Declaratory

Relief and Damages (the "Complaint") in this Court against Defendant Old Republic Insurance

Company ("Old Republic").  Old Republic then filed a Motion for Summary Judgment and

Continental filed a Cross-Motion for Summary Judgment.  This Court has federal jurisdiction

pursuant to the diversity provision of 28 U.S.C. § 1332.  Because the Court finds that the "escape

clause" found in an endorsement to the Old Republic policy is enforceable, Old Republic's Motion

for Summary Judgment is granted and Continental's Cross-Motion for Summary Judgment is denied.


**BACKGROUND**

      This case involves an insurance coverage dispute between two automobile liability

insurance companies.  Continental is an Illinois corporation with its principal place of business in

Chicago, Illinois.  Old Republic is a Pennsylvania corporation, licensed to conduct business in

Florida, with its principal place of business in Greensburg, Pennsylvania.  This matter arises out

of an underlying negligence/products liability personal injury case filed in the United States District Court for the District of Massachusetts, in which Ryder Truck Rental, Inc. ("Ryder") was a defendant, Kenneth R. Mercer, et al. v. Ryder Truck Rental, Inc., et al., No. 1:03-CV-12282 (the "underlying suit").

In the underlying suit, Ryder was the title holder of the truck that caused the plaintiff's injury.  Ryder had leased the truck to the plaintiff's employer, Garelick Farms, pursuant to a long term lease.  This lease agreement required Garelick Farms to obtain automobile liability insurance for both itself and for Ryder relating to the ownership, maintenance, and operation of the subject truck.  In order to satisfy that obligation, Garelick Farms obtained the Continental policy now before the Court and, by virtue of definitions in that policy, included Ryder as a named insured.  Ryder tendered the defense of the underlying suit to Continental, and Continental appeared on behalf of Ryder to defend the case.  However, because Continental claims that the evidence showed that the plaintiff's injuries were the result of Ryder's negligence and not any negligence on the part of Garelick Farms, Continental notified Ryder that it should assume the defense of the litigation and reimburse Continental for all legal costs incurred.  The case settled at mediation, at which time Continental paid the plaintiff $710,000 to resolve the case.  Continental now claims that it participated in the mediation on behalf of Ryder in a "good faith effort to cap Ryder's exposure (and, ultimately, that of Old Republic)."

Continental seeks a declaratory judgment in the instant case to reflect that Ryder's policy with Old Republic obligates Old Republic to contribute to the cost of the defense and settlement of the underlying case on a *pro rata* basis.  Continental contends that both policies provide primary coverage to Ryder for the underlying suit and that the Old Republic policy's ""other

-2-

insurance"" clause requires that Old Republic contribute to the defense costs and settlement of the underlying lawsuit on a *pro rata* basis.  Old Republic moves for summary judgment arguing that its policy affords no coverage for the underlying suit because of an endorsement to that policy in the form of an "escape clause" ("Endorsement C-15").  Endorsement C-15 states in pertinent part:

> It is agreed that this Policy shall exclude coverage for any occurrence for which other valid and collectible insurance (either on a primary or an excess basis) is available to cover such occurrence (including the interest of the Named Insured), equal to the coverage and limits of this Policy.

Old Republic contends that it is entitled to judgment as a matter of law because: (1) the "escape clause" is applicable under these circumstances and enforceable under Florida law; (2) the Continental policy constitutes "other valid and collectible insurance"; (3) the Continental policy  was available to cover the subject occurrence; and (4) its coverage and limits were equal to those of the Old Republic policy.[1]

Continental filed a cross-motion for summary judgment arguing that (1) pursuant to Section 5(d) of the "other insurance" clause within the Continental policy, Continental is only obligated to provide coverage on a *pro rata* basis if other primary insurance is also available to

---

[1] Continental contends that Old Republic's motion for summary judgment was filed prematurely, as almost no discovery had taken place.  In fact, Old Republic's motion was filed on July 23, 2007, shortly after the Court granted Continental's unopposed motion for an extension of time and extended the discovery period through the end of August.  Old Republic contends that its motion is not premature because "[n]o discovery is necessary or appropriate to enable the Court to decide" this case.

Ryder, (2) Section 5(a) of the "other insurance" clause in the Old Republic policy covers vehicles Ryder owns, such as the vehicle in the underlying lawsuit; (3) Section 5(d) of the Old Republic policy's "other insurance" clause obligates Old Republic to provide coverage to Ryder on a *pro rata* basis when "other insurance" provides coverage on the same basis; (4) the Continental policy provides coverage to Ryder for the underlying lawsuit on a primary basis like the Old Republic policy; and (5) Endorsement C-15 to the Old Republic policy is inapplicable to this claim and unenforceable at law.

## DISCUSSION

Both parties have moved for summary judgment.  Summary judgment is appropriate where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c) (2006); see Swain v. Hillsborough County Sch. Bd., 146 F.3d 855, 857 (11th Cir. 1998).  A court considering a motion for summary judgment must "construe the facts and draw all inferences in the light most favorable to the nonmoving party and 'when conflicts arise between the facts evidenced by the parties, we credit the nonmoving party's version.'" Akaja v. BrooksAmerica Mortgage Co., 453 F.3d 1339, 1343 n.6 (11th Cir. 2006) (quoting Evans v. Stephens, 407 F.3d 1272, 1278 (11th Cir. 2005)).  Here, both parties agree that no genuine issues of fact exist.  Thus, the Court's interpretation of the insurance policy language at issue, when viewed through an Eleventh Circuit lens, is dispositive.

In support of its motion for summary judgment, Old Republic argues that the "escape

-4-

clause" found in the endorsement to its policy is enforceable under Florida law.  Old Republic contends that its escape clause should be enforced regardless of the ""other insurance"" clause in the Continental policy.  Old Republic further asserts that an endorsement controls over inconsistent language found within its own policy.

Continental, on the other hand, argues that Old Republic is obligated to provide co-primary coverage to Ryder for the underlying lawsuit because Old Republic's "escape clause" is inapplicable and unenforceable under Florida law.  However, in view of this Court's interpretation of the plain and unambiguous language found in the competing policies, the Court decides to enforce the Old Republic "escape clause" and grants summary judgment in favor of Old Republic.

## I.      Endorsements

Continental points out that the Old Republic policy contains two inconsistent clauses, the "escape clause" found in Endorsement C-15 and the "other insurance" clause found in the body of the policy.  Old Republic claims that the "escape clause" found in the endorsement should control over the standard "other insurance" clause found in the form policy.[2]  Old Republic

---

[2] The Old Republic policy's "other insurance" clause provides:

a.      For any covered "auto" you own, this Coverage Form provides primary insurance.  For any covered "auto" you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance.

d.      When this Coverage Form and any other Coverage Form or policy covers on the same basis, either excess or primary, we will pay only our share.  Our share is the proportion that the Limit of Insurance of our Coverage Form bears to the total of the limits of all the Coverage Forms and policies covering on the same basis.

-5-

explains that insurance companies typically utilize a form policy to set forth a basic insuring agreement.   However, endorsements are used to modify specific coverages or terms and conditions, if different from the form.  Accordingly, Old Republic contends that even if the "escape clause" and the excess clause are deemed conflicting or inconsistent, Florida law requires that ". . . to the extent an endorsement is inconsistent with the body of the policy, the endorsement controls."  Steuart Petroleum Co., Inc. v. Certain Underwriters at Lloyd's London, 696 So. 2d 376, 379 (Fla. 1st DCA 1997); Family Care Ctr., P.A. v. Truck Ins. Exch., 875 So. 2d 750, 752 (Fla. 4th DCA 2004) ("Even if there were ambiguity between the endorsement and the body of the policy, the endorsement, which is clear, controls.").  Old Republic further cites to a Florida statute on the construction of insurance polices, which states, "(1) every insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy and as amplified, extended, or modified by any application therefore or any rider or endorsement thereto.  Fla. Stat. § 627.419 (2004).  Here, Old Republic argues that the endorsement, which includes the "escape clause," controls.

Continental claims that Endorsement C-15 is "unenforceable" because it conflicts with the "other insurance" clause in the Old Republic policy.  While Continental recognizes that an "escape clause" will be enforced when it competes with an excess clause in another policy, see, e.g., Weekes, 74. So. 2d at 367, it asserts that when a policy itself contains two contradictory clauses, the clauses cancel each other out.  To support this contention, Continental cites the Florida District Court of Appeal's decision in Travelers Ins. Co. v. Lexington Ins. Co., 478 So. 2d 363 (Fla. 5th DCA 1985).  In that case, the Travelers policy contained both an excess clause and an "escape clause," while the Lexington policy contained only an excess clause.  Id. at 364.

Travelers argued that the two excess clauses should cancel each other out, leaving only the Travelers "escape clause". Id. The court rejected this argument and held that because the Travelers' policy itself contained two conflicting "other insurance" provisions, Travelers, as a co-excess carrier with Lexington, was responsible to share the loss with Lexington on a *pro rata* basis. Id. Here, the Old Republic policy contains two inconsistent clauses.

However, Old Republic distinguishes this case by noting that its "escape clause" in contained in an endorsement, not in the body of the form policy, and that, according to Florida law, the endorsement controls, see Steuart Petroleum Co., Inc., 696 So. 2d at 379. While this Court questions what would prevent any insurance company from annexing an endorsement with an "escape clause" to its policy in order to avoid liability, it finds the Florida case law controlling. Therefore, this Court finds that the "escape clause" controls.

## II.     The Escape Clause

Old Republic cites to a Florida Supreme Court case to support its proposition that the "escape clause" in its policy is enforceable. In Continental Cas. Co. v. Weekes, 74 So. 2d 367 (Fla. 1954), the Supreme Court of Florida upheld an "escape clause" despite the existence of an "other insurance" clause in the coexisting policy. Id. at 369. In that case, the driver of a leased automobile was involved in an accident that caused his death and injured others. Id. at 367. At the time of the accident, two insurance policies were in effect: a Continental policy was issued to the owner and lessor of the automobile, and an Aetna policy was issued to the driver. Id. The Continental policy contained an "escape clause," which read: "The insurance does not apply: . . . To any liability for such loss as is covered on a primary, contributory, excess, or any other basis

by insurance in another insurance company." Id.  The Aetna policy contained an "other insurance" clause, which provided that it ". . . shall be excess insurance over any other valid and collectible insurance available to the insured . . . ." Id.  The court upheld the Continental "escape clause" and addressed the public policy argument, opining that had the Aetna coverage been insufficient, the Continental policy would have covered the driver.  Id. at 369 (finding that due to the "escape clause" language of the Continental policy, Continental was not primarily liable as "other valid and collectible insurance"); see Calder Race Course, Inc. v. Hialeah Race Course, Inc., 389 So. 2d 215 (Fla. 3d DCA 1980); Am. Bankers Ins. Co. of Florida v. Leatherby Ins. Co., 350 So. 2d 353 (Fla. 2d DCA 1977), adopted by 371 So. 2d 488 (Fla. 1979).  Old Republic argues that here, like in Weekes, the "escape clause" should be upheld despite the "other insurance" clause found in the coexisting Continental policy.

Continental claims, on the contrary, that the "escape clause" is not a valid bar to Old Republic's coverage obligations because this provision is only applicable where an entity other than Ryder is seeking coverage under the Old Republic policy.  Continental contends that the court in Weekes only upheld the application of an "escape clause" in the owner's policy because the driver had his own valid and collectible insurance, the Aetna policy.  See Weekes, 74 So. 2d at 369.  Continental asserts that in the line of cases cited by Old Republic, the "escape clauses" were upheld in instances where the party seeking coverage had its own valid and collectible insurance to cover the loss.  See id.; Calder Race Course, Inc., 389 So. 2d 215; Continental Ins. Co. v. Pan Am. Fire and Cas. Co., 237 So. 2d 43, 44 (Fla. 3d DCA 1970).  Accordingly, Continental argues that Endorsement C-15 exists only to ensure that Old Republic is not obligated to provide coverage to an entity that has its own valid and collectible insurance for an

occurrence.

Old Republic disputes Continental's interpretation of Endorsement C-15 and the relevant case law. Old Republic notes that the long term lease agreement between Ryder and Garelick Farms required Garelick Farms to obtain primary coverage. The Continental policy it obtained stated that it is "not additional or excess coverage over insurance otherwise available." Thus, the argument follows that if the Continental policy were not primary, i.e. "valid and collectible insurance for an occurrence" like the driver's policy in Weekes, then Garelick Farms breached its lease agreement with Ryder.

Continental then suggests that Ryder's negligence is relevant to coverage. Continental claims that Garelick Farms included Ryder as an insured under the Continental policy in return for Ryder's agreement to lease and maintain certain of its trucks, not to provide insurance to Ryder for its own negligent acts. Continental attempts to distinguish Weekes, Calder, and Pan Am. by arguing that here, unlike in those cases, the "escape clause" at issue appears in the primary tortfeasor's, Ryder's, insurance policy.

Old Republic counters that argument by stating that, in those cases, both of the policies involved provided insurance for the tortfeasor but for the "escape clause" in one of the policies. Thus, the instant case is no different. Old Republic goes on to state that Continental's argument sounds in common law indemnity rather than liability insurance. Therefore, whether or not Ryder was negligent in the underlying case is irrelevant because an insurance company cannot subrogate against its own insured. After all, Old Republic asserts, the purpose of liability insurance is to cover the insured for allegations of negligence made against it, irrespective of the final determination of liability.

In regard to the parties' conflicting interpretations of <u>Weekes</u>, <u>Calder</u>, and <u>Pan Am.</u>, Continental correctly notes that while both policies in the cases may have provided coverage for the negligent party, only one policy was procured by that party itself.  For example, in <u>Weekes</u>, the Continental policy was issued to the vehicle's owner and provided coverage to the driver in prescribed circumstances; however, the driver himself had his own policy through Aetna, which was found to be ultimately liable for the costs.  <u>Weekes</u>, 74 So. 2d at 369.  However, while the facts may support Continental's assertion, no court has specifically held that it would not uphold an "escape clause" contained in a primary tortfeasor's policy.  In fact, no court delves into any analysis on the impact, if any, of ultimate liability and fault on policy interpretation.  As such, this Court declines to speculate whether fault played a role in those Florida courts' legal conclusions.  After all, to interpret insurance policy language in hindsight based on an insured's culpability would decimate the peace of mind that coverage provides.  Thus, the Court finds no reason not to follow the holding in <u>Weekes</u> and enforce the "escape clause" at issue.

**III.     Policy**

Lastly, Continental makes a policy argument to support its claim that the Old Republic "escape clause" is unenforceable.  Continental asserts that such clauses are generally disfavored by courts.  To buttress this claim, Continental cites to out-of-circuit courts that have examined Old Republic "escape clauses" like the one at issue here.  <u>See</u> <u>Contrans, Inc. v. Ryder Truck Rental, Inc.</u>, 836 F.2d 163, 166 (3d Cir. 1987) (examining an Old Republic policy and noting that Pennsylvania courts have found it "unacceptable for an insurance company to provide no coverage under a policy for which it received premiums"); <u>CC Hous. Corp. v. Ryder Truck</u>

Rental, Inc., 746 P.2d 1109, 1113 (N.M. 1987) (examining an "escape clause" in an Old Republic policy and opining, "[i]t is abhorrent, as a matter of policy, to permit an insurance company to write into its policy, for which it has received premiums, a clause which exculpates itself from liability"). Accordingly, Continental characterizes the Old Republic "escape clause" as an attempt to exculpate itself from liability under a policy for which Ryder has paid premiums.

Old Republic, however, states that these policy concerns do not exist in Florida, as expressed by the Weekes court. See Weekes, 74. So. 2d at 369 (finding sufficient financial responsibility for public protection but warning that "we cannot and do not hold that this will be true in every case").

In addition, this Court finds another policy consideration at work in this case: freedom of contract. See Mazzoni Farms, Inc. v. E.I. DuPont De Nemours and Co., 223 F.3d 1275, 1281 (11th Cir. 2000). The Eleventh Circuit has held that when considering competing policy issues, "the countervailing public policy must be sufficiently important that it outweighs the policy protecting freedom of contract." Id. Here, Ryder and Garelick Farms, two corporate entities, entered into a long term lease agreement, which required Garelick Farms to obtain its own insurance policy. The Court need not hypothesize as to why Ryder did not want to involve its own insurance company in any potential claims arising from its lease with Garelick Farms but, for whatever reason, it allocated this cost to Garelick Farms. It appears logical that Ryder would seek to limit its potential liability due to the increased risk associated with a long term lease, as opposed to a short term rental. Garelick Farms performed by procuring the Continental policy at issue in exchange for the long term lease it desired from Ryder. To require Ryder, through its insurance company Old Republic, to incur the very costs that Ryder contracted to Garelick Farms

would be to interfere with an aspect of the bargain.  While the Court recognizes the need for insurance companies receiving premiums to provide coverage, it is not willing to circumvent the policy of freedom of contract in this case.

In conclusion, the Court concludes that (1) the "escape clause" in the endorsement controls over the conflicting "other insurance" clause in the Old Republic policy; (2) the "escape clause" should be enforced; and (3) the public policy of freedom of contract overrides the policy disfavoring "escape clauses."

## CONCLUSION

Old Republic's Motion for Summary Judgment is GRANTED.  Continental's Cross-Motion for Summary Judgment is DENIED.  Judgment as a matter of law is awarded in favor of Old Republic.

DONE AND ORDERED in Chambers at Miami, Florida, this 11th day of December, 2007.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Brian Bennett, Esq.
Thomas Ashe, Esq.